**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Humberto RODRIGUEZ–TORRES, aka Carlos H. Rodriguez, Defendant–Appellant.**

No. 05–10210.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Feb. 28, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas E. Higgins, Jr., Esq., Law Offices of Thomas E. Higgins Jr., Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, NOONAN, Circuit Judge, and SCHIAVELLI **, District Judge.

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### MEMORANDUM ***

Carlos Humberto Rodriguez–Torres ("Rodriguez–Torres") was caught illegally re-entering the United States after deportation for being convicted of a crime involving moral turpitude.[1]

Rodriguez–Torres makes two arguments in appealing his sentence of forty-six months. First, he asserts that the district court improperly denied his motion to dismiss the indictment because the Immigration Judge ("IJ") should have advised him of relief under the Convention Against Torture before deporting him. Second, Rodriguez–Torres argues that the district court failed to properly consider the factors required by 18 U.S.C. § 3553(a) at sentencing.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Because Rodriguez–Torres validly waived his right to appeal his deportation order during the proceedings before the IJ, he was barred from collaterally attacking the underlying deportation order in the district court. *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000) (citing *United States v. Estrada–Torres,* 179 F.3d 776, 780–81 (9th Cir.1999)). Therefore, the district court properly denied his motion to dismiss the indictment.

■ Rodriguez–Torres's second contention is that the district court erred in sentencing him by calling the sentencing guidelines advisory, but actually sentencing him as though they were still mandatory. The record indicates that the district

1. The parties are familiar with the facts so we do not discuss them in detail here.

court considered the § 3553(a) factors, found the overall range to be reasonable, and sentenced Rodriguez–Torres to the low end of the guideline range. Indeed, the district court's analysis of the criteria relating to Rodriguez–Torres caused it to impose a lower sentence than that recommended in the Pre–Sentence Report. Thus, the district court recognized the guidelines were advisory and properly imposed a sentence that it found reasonable under the circumstances of the case as required by § 3553(a).

The judgment of the district court is **AFFIRMED.**

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.